Ellenwood & al. *v.* Dickey & al.

Ellenwood & *al vs.* Dickey & *al.*

n execution debtor being within the prison limits, under a statute bond, his friends entered into a collateral agreement for payment of the demand ; whereupon the creditors gave him a receipt, not under seal, in full satisfaction of the judgment and execution. In an action afterwards brought upon the bond, this discharge was held a sufficient bar, though the creditor had not been able to derive any benefit from the agreement.

This action, which came up by exceptions taken to the opinion f *Ruggles J.* before whom it was tried in the court below, was an ction of debt brought by *Asa & Matthew Ellenwood* against *John Dickey* as principal, and *Reuben & Robert Dickey* as sureties, on a ond given by the former for the debtor's liberties, conditioned for is remaining a true prisoner till lawfully discharged, and to surrender imself to the gaol keeper and go into close confinement, as is required by law. Several matters were pleaded in bar, presenting he principal question whether the debtor was lawfully discharged of he execution of the bond.

It appeared that *John Dickey* having duly notified his creditors, nd being about to take the poor debtor's oath, just before the expiration of the nine months from the date of the bond, when he hould have gone into close gaol, the defendants and *Asa Ellenwood* met, and agreed on a settlement of the execution ; in pursunce of which, *Reuben & Robert Dickey*, gave the plaintiffs a written license to enter on a certain lot of land and take thence suficient white pine timber to make "eight thousand feet of boards," t any time within one year ; which *Asa* accepted in satisfaction of

the demand; and thereupon gave to *John Dickey*, a receipt signed with his own name, in full discharge of the execution. No further regard was paid to the bond, nor any proceedings had under it. The plaintiffs, though previously requested, had never examined the timber on the lot; but acted upon the representations made by the *Dickeys*, respecting it; which afterwards turned out to be essentially erroneous. The facts to this point were argued to the jury as evidence of fraud, but this was negatived by the verdict. It did not appear that the plaintiffs had ever cut timber on the lot, or derived any benefit from the agreement; but on the contrary, some witnesses were of opinion that the timber was not worth the hauling. The only evidence of *Matthew's* assent to the arrangement, was his having previously said that *Asa* might settle the claim as he pleased. The execution issued on a judgment for costs only, and there had been no notice or claim of any lien on the part of the attorney.

Hereupon the counsel for the plaintiff, contended that here was no legal discharge, either of the execution or the bond; and that the latter could not be discharged without payment of the former. That the boards mentioned in the agreement or license, were to be taken as "merchantable" boards. That if there was not the stipulated quantity of such timber on the lot at the time of the contract, it was void; and lastly that the attorney had such lien for his fees and disbursements as rendered the settlement void without proof of his consent.

But the judge instructed the jury, that though the agreement and receipt did not operate as a satisfaction or discharge of the original judgment, yet if they found that it was entered into with a view to a discharge of the execution debtor from imprisonment, and prevent the necessity of his surrendering himself to the gaoler, or taking the poor debtor's oath, and it was intended by the parties to have that effect; and if the transaction was attended with no circumstances of fraud or misrepresentation on the part of the defendants, whatever they did having been done in good faith; then the debtor did not commit a breach of the bond in not surrendering himself to the

gaoler, whether the timber on the lot was of the description mentioned in the writing, or not. But that if they found that the defendants, or either of them, knowingly and intentionally misrepresented the quality or quantity of the timber growing on the lot, the plaintiffs relying on their account of it, and not on their own view, or on information otherwise obtained, and were thereby induced to accept the agreement, and give the discharge, it was a fraud on the plaintiffs, and the discharge thus obtained would be no bar to their recovering.

He further instructed them that the contract was not to be interpreted as a stipulation that there was sufficient timber on the lot to make eight thousand feet of merchantable boards, technically so called ; but that if the timber when sawed, would make that quantity of any boards of a readily marketable quality, it would satisfy the terms of the contract. And he ruled, that no supposed lien of the attorney could be set up, without previous notice, to prevent the operation of the discharge.

To which opinions and directions the plaintiffs excepted ; the jury having found for the defendants.

*J. Williamson,* in support of the exceptions, contended, first, that the discharge was inoperative, being made by one creditor only, and not by both, it not appearing that they were copartners, 5 *Bac. Abr.* tit. *Release G ; Fitch v. Farnham,* 14 *Johns.* 172. Secondly, that there could be no valid discharge of the bond but such as would be a good discharge of the judgment also ; but here was no satisfaction ; and one contract cannot be extinguished by another from which the party derived no benefit. *Johnson v. Johnson,* 11 *Mass.* 61 ; 5 *Johns.* 68 ; 1 *Bac. Abr.* 43. Thirdly, that the agreement was void by reason of the total absence of the thing which constituted its essence, viz. the quantity and kind of timber contracted for. *Chipm. on contr.* 32.

*Johnson,* on the other side, was stopped by the court, whose opinion was delivered by

WESTON J. After the discharge of the execution against *John Dickey,* the defendants were excused by the plaintiffs, who had a

right so to do, from fulfilling the condition of the gaol bond; and the discharge was made with the express understanding, that it should have this effect.    The new agreement was a sufficient consideration for the discharge.    If that had been fraudulently obtained, it would not have protected the defendants; but this the jury have negatived. Whether the plaintiffs can realize the satisfaction they expected; or whether the agreement has been, or could be, fulfilled on the part of the defendants, are not questions, which properly arise in this action; except as evidence of fraud, upon which the jury have passed.                          *Exceptions overruled.*